**Date signed February 28, 2005**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ROY D. COSSA | : | Case No. 04-34238PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

     This case came before the court on the Debtor's Notice of Voluntary Dismissal filed January 20, 2005. The statutory authority given for the action was § 1307(b) of the Bankruptcy Code. That section has no relevance to this bankruptcy case under Chapter 7. Dismissal under Chapter 7 requires leave of court. This is a long established and clear doctrine in the Fourth Circuit. *Penick v. Tice*, 732 F.2d 1211 (CA4 1984); *In re Payne*, 240 B.R. 688 (BC Md. 1999); *In re Banks*, 35 B.R. 59 (BC Md. 1983); *In re Pagnotta*, 22 B.R. 521 (BC Md. 1982). No cause was stated for the requested relief. The Notice is opposed by the Chapter 7 Trustee.

     What complicates this particular matter is the fact that the bankruptcy case should not have been accepted by the Clerk in the first instance. This is because of the fact that Debtor filed a previous bankruptcy case under Chapter 13, Case No. 04-14814, that was dismissed with prejudice on August 30, 2004, following Debtor's failure to take any action after denial of confirmation of his Chapter 13 Plan without leave to amend. This prior bankruptcy case was not disclosed on the instant petition despite the fact that it was filed by the same law office that filed the previous case.

     The present bankruptcy case was filed to forestall a foreclosure by Mortgage Electronic Registration Systems, Inc. Having stopped the foreclosure, Debtor now seeks to dismiss this

case. On the other hand, the Trustee believes, contrary to Debtor's Schedules, that there is equity in the property and that a significant recovery could be made for unsecured creditors without priority out of the Debtor's one-half share of the real estate. Because the Debtor is not making post-petition payments to the secured creditor, whatever equity there is is being whittled away.

      The court will not allow the Debtor to abuse the bankruptcy system by filing a case as to which he was an ineligible filer and to dismiss the case and refile. An appropriate order will be entered.

cc:
Wendelin I. Lipp, Trustee, 4800 Hampden Lane, Bethesda, MD 20814
Joseph R. Welch, Esq., 3475 Leonardtown Road, Suite 200, Waldorf, MD 20601
Roy D. Cossa, 3609 Metlock Place, Waldorf, MD 20602
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**